### Ellis et al. v. Woolbright.

(Decided June 16, 1936.)

RODES K. MYERS and W. R. GARDNER for appellants.

MILLIKEN & MILLIKEN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

W. S. Stone, Sr., a resident of Warren county, Ky., died intestate in July, 1933, and W. T. Ellis and E. T. Ellis were appointed and qualified as administrators of the estate. Thereafter Mrs. G. H. Woolbright made proof of claim against the estate as required by statute for $1,200

> "for the board and lodging, washing, ironing, mending, clothing and taking care of and looking after the welfare of W. S. Stone, Jr., from July 26, 1928, up to and including July 26, 1933";

it being stated in the affidavit that services were rendered to W. S. Stone, Jr., at the instance and request and under an agreement on the part of W. S. Stone, Sr., to pay a reasonable sum for such services.

The administrator refused to pay the claim when presented, and Mrs. Woolbright thereupon instituted this action, setting up the foregoing facts in her petition and alleging that the services for which claim was made

were rendered at the instance and request of W. S. Stone, Sr., under an agreement that he would pay a reasonable sum for such services, and that the services rendered were reasonably worth the sum of $20 per month from July 26, 1928, to July 26, 1933, or $1,200, for the five years next before the institution of the action, for which sum she prayed judgment.

By answer the administrators traversed the allegations of the petition and affirmatively alleged that, if any of the alleged services were rendered, they were paid for by decedent in his lifetime; that plaintiff had the use of the tract of land and house and other improvements belonging to decedent without rent for herself and her family; that her husband, pursuant to said agreement, was permitted for the benefit of himself and plaintiff to raise crops on the land of decedent without money rent, or a share of the crops; that, in addition thereto, plaintiff and her husband delivered milk from cows belonging to decedent to the Pet Milk Plant and received checks therefor and used the checks for their own benefit. They also pleaded another affirmative defense which it will be unnecessary to discuss, since apparently abandoned and not referred to in brief.

The jury returned a verdict for plaintiff in the sum of $600, and from a judgment in conformity therewith the administrators are appealing.

Counsel for appellants assign a number of grounds for reversal, but, because the judgment must be reversed for reasons presently appearing, it will be unnecessary to discuss a number of these grounds, since errors complained of will not likely occur again in the event of another trial. As one of the grounds, it is argued that the second paragraph of the answer affirmatively alleged payment or satisfaction for the services rendered in the way and manner therein set out, and that this constituted a good and valid defense, and, being uncontroverted by reply or otherwise, appellants were entitled to judgment on the face of the pleading, and the motion for a peremptory instruction should have been sustained.

In her petition appellee alleged that the account was

"just, due, owing and wholly unpaid and that there

is no offset or discount * * * and no just credit due on said account."

The second paragraph of appellant's answer was in the nature of an affirmative denial of these allegations of the petition. However, without determining this or the effect of appellant's going into trial where evidence was heard concerning the matters affirmatively pleaded in the answer as though they were traversed, it is suggested that appellee may on a return of the case obviate any question of sufficiency of pleading by reply.

Complaint is made that the court limited the number of witnesses introduced, and that, after Mrs. Pearl Cox testified, they offered to introduce a number of other witnesses, but the court refused to permit them to be introduced on the ground that their evidence would only be cumulative and would not throw any additional light on the issues involved. Before any evidence was heard, the court announced to counsel that they would be limited to Mrs. Woolbright and Mr. Strother Stone (W. S. Stone, Jr.), and then to two witnesses as to the services; and would be limited to three witnesses on each side as to whether there had been a satisfaction of the claim. The names of the witnesses offered to be introduced by appellant who were not allowed to testify are set out in an affidavit in connection with the motion and grounds for new trial. The affidavit does not set out at length what the various witnesses would state, but states that the witnesses

"would have testified to facts and conversations with the decedent and the plaintiff, which would have shown (1) that there was not a contract as alleged by the plaintiff in her petition, and (2) that the arrangement was entirely different between the plaintiff and decedent, and that the same had been fully performed by the decedent prior to his death."

On the one hand, it is contended that the action of the court in limiting the number of witnesses is authorized by section 593 of the Civil Code of Practice. On the other hand, it is contended that it was an abuse of the discretion conferred by that section. That section of the Code, after providing in substance that the court shall exercise reasonable control over the mode

of interrogation of witnesses in order to facilitate the trial, further provides:

"The court, however, may stop the producing of further evidence on a particular point, if the evidence upon it be already so full as to preclude reasonable doubt."

In the case of McMillan v. Massie's Ex'r, 233 Ky. 808, 27 S. W. (2d) 416; it is said that evidence of a verbal declaration by a party is generally regarded as of a very weak character, and especially is this true where the party is dead. It is further indicated in that opinion that cases of this character should be closely scrutinized because of the ease for the spoilation of a dead man's estate. Because death has put it beyond the power of one party to speak concerning transactions of this character, the law has wisely closed the lips of the living party concerning such transaction; however, because of rules respecting the competency of evidence concerning statements made by one who is dead, the personal representative or heirs of decedent are placed at a distinct disadvantage in refuting claims of this character.

Appellee's claim for services runs through a course of five years. The answer not only denied that there was any contract or agreement for compensation, but alleged payment and satisfaction for any and all services rendered. One witness testified that appellee, and her husband during that five years had received checks aggregating over $1,100 for milk from cows owned by decedent. Other witnesses testified to other matters tending to establish payment and satisfaction. It is claimed, and it is easy to understand, how others who were not permitted to testify might be necessary and material witnesses to sustain appellant's defense, since the evidence of a great number of witnesses might relate to matters that would be competent in evidence and which would be unknown to others. While this court has upheld the right to limit the number of witnesses in some cases, as, for example, Montgomery v. Morton, 143 Ky. 793, 137 S. W. 540, it has not hesitated to hold such action erroneous where there has been an apparent abuse of discretion. See Eaton v. Green River Coal & Coke Co., 157 Ky. 159, 162 S. W. 807; Ideal Motor Company v. Warfield, 211 Ky. 576,

277 S. W. 862. In North Jellico Coal Company v. Trosper, 165 Ky. 417, 177 S. W. 241, it was held error to limit the number of witnesses allowed when more witnesses were required for an adequate presentation of the defense. In Eaton v. Green River Coal & Coke Company, supra, it was held that, where the court refused to hear further testimony, a general avowal upon the part of a party that he had other witnesses by whom his case could be established was sufficient. It was also held that the court might limit the number of witnesses for the purpose of making allowance to witnesses under the authority of section 904, Kentucky Statutes. However, in Axton v. Vance, 207 Ky. 580, 269 S. W. 534, 536, it is said:

"By section 904 of the Statutes, the court could refuse to tax as costs more than the allowance to two witnesses, but we know of no authority under which the court may limit the number of witnesses which a party may introduce upon a controverted question."

In the light of these authorities, and in the proven circumstances, it is manifest that the court erred in not permitting appellant to introduce other witnesses.

According to the allegations of the answer and as we gather from the evidence, appellee and her husband and her family were permitted to occupy a home on the farm of decedent, and had use of the farm and the proceeds thereof and the milk from the cows owned by decedent without having to make any accounting to him. Checks for the milk were made to appellee and her husband. The court limited the evidence to transactions between decedent and appellee and held evidence of transactions between decedent and appellee's husband of benefits derived by him to be incompetent.

In the recent case of Maupin v. Maupin et al., 261 Ky. 312, 87 S. W. (2d) 629, 631, it was said:

"Where a father lives with his son and daughter-in-law and regularly pays his daughter-in-law certain sums over a series of years, the presumption is that they were paid pursuant to an agreement and that they were made, intended, and accepted in full discharge of the father's liability, and the court will not be justified in making an additional allowance, unless it be clearly shown that such was the agreement of the parties."

· Under the pleadings and in the circumstances shown, evidence tending to establish payment or satisfaction of the services claimed to have been rendered by cash, rent, or otherwise, whether to appellee or her husband or both, was competent.

Complaint is made that the instructions given were erroneous, and this is not without merit so far as the second instruction given is concerned. That instruction authorized a finding for appellant if the jury believed that decedent had paid appellee or paid or satisfied her claims to another with her knowledge, etc. The instruction left it for the jury to determine what would be a payment or satisfaction without any guide as to what would constitute a payment or satisfaction. If the payment or satisfaction was made to appellee or to her husband with her knowledge, acquiescence, or consent, whether in cash or in the way and manner alleged in the answer, she was not entitled to recover, and the instruction should have followed substantially the allegations of the pleading alleging payment and satisfaction. In passing, we might say that the word "express" in the last line of the first instruction is improper and misleading and should have been omitted from the instruction. Otherwise the instructions fully present the issues made by pleading and proof.

For the reasons indicated, the judgment is reversed, and the cause remanded for proceedings consistent with this opinion.